Moore *v.* Bell *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

James L. Witt, Jr., and Leslie Bass, both of Knoxville, for plaintiff in error.

Hodges & Doughty, A. J. Hartman and Singleton M. McGhee, all of Knoxville, for defendants in error.

See also 187 Tenn. 366, 215 S. W. (2d) 787.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This case was set for trial on March 31, 1950 in the Circuit Court. On the preceding day Minnie Moore, Administratrix, made application for a continuance. This was refused. When the case was called for trial on the next morning, March 31, she applied for and was allowed a voluntary nonsuit. An order to that effect was then entered. Six days thereafter she filed a motion to vacate this order and to reinstate the case to the trial docket. The Court overruled this motion. The administratrix excepted, prayed, was allowed, and has perfected her appeal here from this action of the Court.

A few days before this application for a continuance it was made known to the Court and to counsel for the administratrix that on Tuesday, April 4, one of the attorneys representing one of the defendants would be compelled to attend a hearing of one of his cases previously set for hearing that day in the United States Circuit Court of Appeals in Cincinnati. The request of this counsel was that upon adjourning on Monday afternoon, April 3, the trial of the case be suspended until Wednesday, April 5, so as to permit the aforesaid attendance in Court at Cincinnati. The attorneys for the administratrix objected on the ground that (1) they preferred not to try the case "piece meal", and (2) for other reasons that they were "not at liberty to disclose".

Therefore, on March 30, these attorneys for the administratrix moved that the case be either re-set or continued. On account of the condition of the calendar, the Court was not able to find a place for a resetting of the case.

All sides had made preparation for the trial. Witnesses had been summoned. One individual from Chicago interested in the trial was there. It was a case of malpractice. The defendants were busy doctors. Arrangements had been made by them for other doctors to look after their patients during the several days that it was anticipated this trial would consume. Taking all these facts into consideration, the Court declined to grant the continuance over the objection of defendants. Hence, it was that the administratrix on the next day applied for and received the voluntary nonsuit order.

In overruling the motion to vacate the order of voluntary nonsuit and restore the case to the docket, the Court stated that the application for continuance on the ground that the attorneys did not desire to try it "piece meal" was "capricious and that the undisclosed reasons, later made known, did not warrant a continuance". The undisclosed reasons were not made known to the Court until the application for the vacating of the order of voluntary nonsuit.

In the case of *Trice* v. *Smith,* 14 Tenn. 319, 320, it was held that "this court has repeatedly decided that a writ of error will not lie on a refusal to reinstate the cause after a voluntary nonsuit". Again, in *Union Bank* v. *Carr,* 21 Tenn. 345, 346, this Court again so held with the statement that "but we have heretofore determined that a writ of error would not lie from the judgment of a circuit court refusing to set aside a voluntary non-

suit.''. In so far as a close search has revealed, we have no case over-ruling these decisions.

It was said by the administratrix in the Court below that if the application to vacate the order of voluntary nonsuit is not granted, this administratrix will commence the suit again within one year from the entry of the order of voluntary nonsuit; that this means only much additional trouble and expense that can be avoided by vacating that order, and a reinstating the case on the trial docket; and further, that the grounds stated for a continuance were such that the continuance should have been granted.

The question is not as simple as the contention just stated seems to make it. That contention, if sustained, would enable a plaintiff to procure a continuance almost at will by the simple process of taking a voluntary nonsuit upon denial of application for a continuance, and, a few days thereafter, cause that order to be vacated, thereby procuring by indirection the continuance which the Court, in the exercise of a discretion, refused to allow because it considered the reasons insufficient.

The question of whether the Court erred in refusing the continuance is not available after a subsequent voluntary nonsuit. Advantage of such alleged error could be had only upon proper exception and subsequent appeal at the proper stage in the trial of the case.

Moreover, the situation, under the authorities, is the same, even though this Court should be of the opinion that the reasons stated for vacating the order of voluntary nonsuit were sufficient. It was so held in the case of *Sayers* v. *Holmes,* 42 Tenn. 259, 262, wherein the Court said: ''It is now insisted, the circuit court

erred in refusing to set aside the nonsuit; and, we confess the reasons disclosed in the affidavit upon which the application was based seem to have been amply sufficient. But this is a matter resting purely within the discretion of the circuit judge; and it has been long since settled, that an appeal in error will not lie from the judgment of a circuit court, refusing to set aside a voluntary nonsuit.''

All concur.